# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT DENNEY II, *Plaintiff*, v. WENDOVER, INC. d/b/a WENDY'S., *Defendant*. | **Civil Action No.** **COMPLAINT** **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Robert Denney II ("Mr. Denney" or "Plaintiff"), by and through his undersigned counsel, brings this action against Defendant, Wendover, Inc. d/b/a Wendy's ("Defendant" or "Wendover"), for violations of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and the Delaware Persons with Disabilities Employment Protections Act, 19 Del. C. § 720 et seq. ("PDEPA"). Plaintiff alleges as follows:

### I. INTRODUCTION

1. This is an action for monetary damages, injunctive relief, and other appropriate remedies to redress Defendant's discriminatory employment practices. Defendant discriminated against Plaintiff on the basis

of his disability (profound deafness) by failing to provide a reasonable accommodation for his job interview and by failing to hire him for a position for which he was qualified.

## II. JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 12117 (incorporating remedies and procedures of Title VII of the Civil Rights Act of 1964).

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the federal claims that they form part of the same case or controversy.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District. The unlawful employment practices alleged herein occurred at Defendant's facility located at 735 Middletown Warwick Rd, Middletown, DE, 19709.

## III. PARTIES

5.     Plaintiff, Robert Denney II, is an adult individual residing in New Castle County Delaware. Mr. Denney is profoundly deaf, which

constitutes a "disability" within the meaning of the ADA, 42 U.S.C. § 12102, and the PDEPA, 19 Del. C. § 722(4).

6. Defendant, Wendover, Inc. d/b/a Wendy's, is a Delaware Corporation with its principal place of business at 1397 Eisenhower Blvd., Suite 201, Johnstown, PA 15904. Defendant operates a Wendy's restaurant, also known as "Wendy's of Middletown #121," located at 735 Middletown Warwick Rd, Middletown, DE, 19709, and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), and the PDEPA, 19 Del. C. § 722(7). At all relevant times, Defendant employed 15 or more employees (for ADA coverage) / 4 or more employees (for PDEPA coverage).

## IV. FACTUAL ALLEGATIONS

7. Mr. Denney is a qualified individual with a disability. He is profoundly deaf and primarily communicates using American Sign Language (ASL).

8. On or about May 22, 2023, Mr. Denney applied for a position as a "Crew Member" (or similar job title for which he was qualified) at Defendant's restaurant located at 735 Middletown Warwick Rd, Middletown, DE, 19709.

9. Following his application, Defendant contacted Mr. Denney and scheduled him for an in-person interview.

10. The interview was scheduled for May 25, 2023, at approximately 3:00 p.m. at Defendant's aforementioned restaurant location.

11. In connection with the scheduled interview, and to enable him to effectively participate in the interview process, Mr. Denney requested that Defendant provide a qualified sign language interpreter as a reasonable accommodation for his deafness.

12. Defendant failed and refused to provide Mr. Denney with a qualified sign language interpreter or any other effective accommodation for his interview.

13. On May 25, 2023, Mr. Denney attended the interview at Defendant's restaurant as scheduled. No interpreter was provided by Defendant.

14. During the interview, the hiring manager (name, if known, or "Defendant's manager") communicated to Mr. Denney that he was being rejected for the position.

15. The manager's decision to reject Mr. Denney was expressly or implicitly based on his deafness and/or Defendant's unwillingness to accommodate his disability.

16. Mr. Denney was qualified for the position for which he applied. He possessed the requisite skills and ability to perform the essential functions of the job, with or without reasonable accommodation.

17. Subsequent to Mr. Denney's interview and rejection, Defendant hired a younger, non-disabled individual who interviewed for a similar position after Mr. Denney had arrived for his interview on May 25, 2023.

18. Defendant's actions in failing to provide a reasonable accommodation and failing to hire Mr. Denney were taken because of his disability.

19. As a direct and proximate result of Defendant's unlawful discriminatory actions, Mr. Denney has suffered and continues to suffer damages, including but not limited to lost wages and benefits, emotional distress, humiliation, and loss of enjoyment of life.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Mr. Denney timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and/or the

Delaware Department of Labor, Office of Anti-Discrimination, alleging discrimination based on disability by Defendant.

21. On March 7, 2025, Mr. Denney received a Notice of Right to Sue with respect to his charge of discrimination.

22. This action is timely filed within ninety (90) days of Mr. Denney's receipt of the Notice of Right to Sue.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)
### (Failure to Provide Reasonable Accommodation)

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24. The ADA, 42 U.S.C. § 12112(b)(5)(A), prohibits discrimination against a qualified individual with a disability by not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

25. Mr. Denney is a qualified individual with a disability (profound deafness).

26. Defendant was aware of Mr. Denney's disability and his request for a reasonable accommodation (a sign language interpreter for his interview).

27. The requested accommodation was reasonable and would not have imposed an undue hardship on Defendant.

28. Defendant failed to provide Mr. Denney with the requested reasonable accommodation, thereby denying him an equal opportunity in the hiring process.

29. As a direct and proximate result of Defendant's failure to provide a reasonable accommodation, Mr. Denney has suffered damages as set forth above.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (Failure to Hire / Disparate Treatment)

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. The ADA, 42 U.S.C. § 12112(a), prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees,

employee compensation, job training, and other terms, conditions, and privileges of employment.

32. Mr. Denney is a qualified individual with a disability.

33. Mr. Denney applied for and was qualified for a position with Defendant.

34. Despite his qualifications, Defendant rejected Mr. Denney's application for employment.

35. Defendant's decision not to hire Mr. Denney was motivated by his disability.

36. After rejecting Mr. Denney, Defendant hired a non-disabled individual for the position or a similar position.

37. As a direct and proximate result of Defendant's discriminatory failure to hire, Mr. Denney has suffered damages as set forth above.

## COUNT III
## VIOLATION OF THE DELAWARE PERSONS WITH DISABILITIES EMPLOYMENT PROTECTIONS ACT (PDEPA)
### (Failure to Provide Reasonable Accommodation)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. The PDEPA, 19 Del. C. § 723(a), makes it an unlawful employment practice for an employer to fail or refuse to make reasonable

accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

40. Mr. Denney is a qualified individual with a disability as defined by the PDEPA.

41. Defendant is an employer as defined by the PDEPA.

42. Defendant knew of Mr. Denney's disability and his need for an accommodation (a sign language interpreter for his interview).

43. Defendant failed to provide a reasonable accommodation for Mr. Denney's disability.

44. The requested accommodation was reasonable and would not have imposed an undue hardship on Defendant.

45. As a direct and proximate result of Defendant's violation of the PDEPA, Mr. Denney has suffered damages as set forth above.

## COUNT IV
### VIOLATION OF THE DELAWARE PERSONS WITH DISABILITIES EMPLOYMENT PROTECTIONS ACT (PDEPA)
**(Failure to Hire / Disparate Treatment)**

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. The PDEPA, 19 Del. C. § 723(a), makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's disability.

48. Mr. Denney is a qualified individual with a disability as defined by the PDEPA.

49. Defendant is an employer as defined by the PDEPA.

50. Mr. Denney applied for and was qualified for a position with Defendant.

51. Defendant refused to hire Mr. Denney because of his disability.

52. After rejecting Mr. Denney, Defendant hired a non-disabled individual for the position or a similar position.

53. As a direct and proximate result of Defendant's violation of the PDEPA, Mr. Denney has suffered damages as set forth above.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Denney respectfully requests that this Court enter judgment in his favor and against Defendant Wendover, Inc. d/b/a Wendy's, and grant the following relief:

A. A declaratory judgment that Defendant's actions, policies, and practices complained of herein violated Plaintiff's rights under the ADA and PDEPA;

B. An injunction prohibiting Defendant from engaging in discriminatory practices against Plaintiff and other individuals with disabilities, and ordering Defendant to implement policies and training to ensure compliance with the ADA and PDEPA, including providing reasonable accommodations;

C. An award of back pay, including lost wages and benefits, with pre-judgment and post-judgment interest;

D. An award of front pay, in lieu of reinstatement if reinstatement is not feasible;

E. An award of compensatory damages for emotional distress, pain and suffering, humiliation, and loss of enjoyment of life, in an amount to be determined at trial;

F. An award of punitive damages for Defendant's malicious, willful, and reckless indifference to Plaintiff's federally and state-protected rights, in an amount to be determined at trial;

G. An award of reasonable attorneys' fees, costs, and expenses incurred in this action; and

H. Such other and further relief as this Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 2, 2025                                          Respectfully submitted,

**EISENBERG & BAUM, LLP**                    **THE POLIQUIN FIRM, LLC**

                                                              */s/ Ronald G. Poliquin*

Andrew Rozynski                                    Ronald G. Poliquin (#4447)
24 Union Square East, PH                       1475 South Governors Ave.
New York, NY 10003                              Dover, DE 19904
(212) 353-8700                                       (302) 702-5501
arozynski@eandblaw.com                      ron@poliquinfirm.com

*Attorneys for Plaintiff*